STATE EX REL. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY vs. CIRCUIT COURT FOR ROCK COUNTY.

*October 18—November 5, 1907.*

Mandamus: *Scope: Supreme court: Superintending control of inferior courts: Jurisdiction acquired by service of summons: Right of court to proceed in the case: Defective service of summons: Dismissal of action: Duty of supreme court.*

1. The superintending control by *mandamus* of the supreme court over inferior courts will only be exercised where the duty of the inferior court to act within its jurisdiction or to refrain from going beyond its jurisdiction is plain and imperative, where the inferior court threatens to violate that duty to the substantial prejudice of the right of the relator, where all other remedies are inadequate, and where the application for relief is prompt.

2. Where an action was commenced by an alleged defective service of the summons and complaint, followed by an admittedly legal service of the same summons and complaint and an appearance and answer to the complaint *last* served, the court in which the action is brought has jurisdiction to proceed with the case.

3. In such case, while it may be necessary to determine whether the first service was valid, as bearing on the question whether the cause of action is barred under statutory provisions, the fact that such question will arise does not in any sense deprive the court of jurisdiction to proceed in the action.

[4. In such case, were it conceded that the first service was invalid and there had been no subsequent valid service, the propriety of the supreme court, exercising superintending control by *mandamus*, to compel the dismissal of the action is doubted, although cases might arise where it would be its duty to apply that remedy.]

MANDAMUS to the Circuit Court for Rock County. *Imperative writ denied.*

This is an action of *mandamus* brought in this court to compel the defendant court to dismiss an action brought therein because the summons had never been served. An alternative writ was issued, return was made thereto, and an answer to the return was filed. The case was heard upon the pleadings, from which it appeared that the action sought to be dismissed was an action by one Winifred Fifield against the relator and the Chicago, Milwaukee & St. Paul Railway Company for personal injuries alleged to have been caused by the negligence of both defendants; that on the 15th day of February, 1907, the sheriff of Milwaukee county attempted to make service of the summons and complaint upon the relator by delivering copies thereof to one Boehm, who was supposed by the officer to be the secretary of the relator; that on the 7th day of March following the relator appeared specially and served notice of a motion to set aside the supposed service of the summons upon it and dismiss the action on affidavits tending to show that Mr. Boehm was not secretary of the company, but was assistant secretary thereof. This motion was heard March 18th following, and counter affidavits were filed tending to show that Boehm had been held out to the public as secretary of the relator and performed public acts required to be done by the secretary. The motion was denied April 10th following, and an appeal was at once taken from the order to this court, which was dismissed on appellant's own motion, because the order was not appealable, September 7th following. On March 8th the same summons and complaint was duly served on the president of the relator, and on April 8th following the relator sent its answer, in which it alleges that it answers the plaintiff's complaint served on it on the 8th day of March. By this answer it denied all negligence on its part, and alleged that no notice of injury under subd. 5, sec. 4222, Stats. (1898), was served within one year from the date of the

alleged injury. It further appeared that on March 18, 1907, the relator served a demand and notice of motion that the place of trial of the "action commenced by service upon said defendant of summons and complaint on the 8th day of March, 1907," be changed to the county of Milwaukee, because the relator's principal office was in said county and the cause of action arose in that county. The cause of action was noticed for trial and upon the calendar at the October term, 1907, and the court intended to proceed with the trial at that time unless the same should be changed pursuant to the motion.

*Clarke M. Rosecrantz,* for the relator.

For the respondent there was a brief by *Charles L. Fifield* and *Malcolm G. Jeffris,* and oral argument by *Mr. M. O. Mouat* and *Mr. Fifield.*

WINSLOW, J. This is an application to this court for the exercise of its superintending control by *mandamus* for the purpose of preventing an inferior court from overstepping the bounds of its jurisdiction. That control will only be exercised where the duty of the inferior court to act within its jurisdiction or to refrain from going beyond its jurisdiction is plain and imperative, where such court threatens to violate that duty to the substantial prejudice of the rights of the petitioner, where all other remedies are inadequate, and the application for relief prompt. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158. This is plainly not such a case. While the petitioner claims that two separate actions were pending here, one commenced by defective service of summons on February 15th and the second by legal service of another summons on March 8th, it is rendered certain by the return that there was in fact but one action, in which there were two attempts to make service of the summons. The second attempt was admittedly

successful, and so, regardless of the question of the validity of the first attempted service, the court below has jurisdiction to proceed with the case. Upon the trial of this cause it doubtless will be necessary to determine whether the first attempted service of the summons and complaint was a valid service, because if it was not valid, and no notice of injury was served within the year following the injury, the cause of action will be barred under the provisions of subd. 5, sec. 4222, Stats. (1898). The fact that this question will arise, however, does not in any sense deprive the court of jurisdiction to proceed with the action.

We express no opinion here as to the validity of the first attempted service. If it were conceded to be invalid and there had been no subsequent valid service, we should greatly doubt the propriety of exercising our superintending control by *mandamus* to compel dismissal of the action. Cases may perhaps arise where the duty to dismiss under such circumstances is so plain and imperative, the result of failure to dismiss so prejudicial, and the remedy by appeal so utterly inadequate and burdensome, that the remedy by *mandamus* should be applied; but this is not one of them.

*By the Court.*—The imperative writ of *mandamus* is denied.