STATE EX REL. BEAUDRY, Appellant, V. PANOSIAN, Municipal Justice of the Peace, Respondent.

*May 11—June 6, 1967.*

For the appellant there was a brief by *Richard D. Kaestner*, attorney, and *Roland J. Steinle, Jr.*, of counsel, both of Milwaukee, and oral argument by *Mr. Steinle*.

For the respondent there was a brief and oral argument by *William T. Schmid*, city attorney of West Allis.

BEILFUSS, J. We deem the controlling issue to be: Were the petition for writ of prohibition and other proofs sufficient to support the issuance of the writ?

The petitioner relies upon three statutes which are as follows:

"301.39 **First adjournment when parties appear.** At the time of the return of the process or of joining issue without process the justice may adjourn the action not exceeding 3 days and shall, upon application of either party, adjourn it for such time as may be requested, not exceeding one week; but if sufficient cause is shown on oath by either party the justice shall grant an adjournment for a longer time, but not exceeding 90 days. No adjournment of an action commenced by summons or warrant of attachment returnable in 3 days, when the defendant appears, shall be granted on motion of the plaintiff unless he shows cause therefor as provided in section 301.40."

"301.40 **Second adjournment.** No adjournment after the first shall be allowed upon the application of a party unless such party shall satisfy the justice by his own oath or the oath of some other person that he cannot safely proceed to trial for want of some material witness or testimony (naming such witness or testimony), that he has used due diligence to obtain the same (setting forth what diligence has been used), and that he believes if an adjournment be allowed he will be able to procure such testimony or witness in time to be used upon the trial."

"301.41 **Adjournment, return for what time; effect of, legal holiday.** Every adjournment for cause shall be for such reasonable time, not exceeding in all 90 days (unless by consent of parties a longer time is agreed upon) from the return day of the process as will enable the party to procure such testimony or witness and shall be at the cost of the moving party, unless otherwise ordered by the justice; . . ."

Under sec. 8, art. VII of the Wisconsin constitution the circuit courts of the state have supervisory control over all inferior courts and tribunals of the state. Included in this superintending authority is the power to issue writs prohibiting inferior courts from acting outside their jurisdiction. Recently, in *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. (2d) 609, 614, 143 N. W. (2d) 437, the court stated the governing principle as follows:

"Traditionally, this writ was used to keep an inferior court from acting outside its jurisdiction when there was no adequate remedy by appeal or otherwise. *State ex rel. Mitchell v. Superior Court* (1961), 14 Wis. (2d) 77, 109 N. W. (2d) 522; *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. (2d) 485, 90 N. W. (2d) 790; *State ex rel. Peterson v. County Court* (1961), 13 Wis. (2d) 37, 108 N. W. (2d) 146; *State ex rel. Fieldhack v. Gregorski* (1956), 272 Wis. 570, 76 N. W. (2d) 382."

The court has recognized use of the writ to prohibit action by inferior courts and tribunals in cases of nonjurisdictional error, but only where "the appeal may come too late for effective redress, or be inadequate and there is a need for such intervention to avoid grave hardship or a complete denial of the rights of a litigant." *Drugsvold v. Small Claims Court* (1961), 13 Wis. (2d) 228, 232, 108 N. W. (2d) 648.

In the case at bar the only arguable valid grounds asserted in the petition for the writ of prohibition go only to the jurisdiction of the West Allis municipal justice court.[1] The petitioner's principal contention is that because the municipal justice court granted adjournments totaling more than ninety days after entry of the plea, the municipal justice court lost jurisdiction over petitioner's forfeiture case by virtue of secs. 301.39, 301.40 and 301.41, Stats. The circuit court ordered the alternative writ quashed on the ground that the petitioner has an adequate remedy by way of appeal—a complete trial *de novo* in the circuit court.

Under secs. 66.12 (2) and 306.17, Stats., the petitioner is entitled to a complete trial, *de novo,* in the circuit court should he be found subject to the forfeiture in the municipal justice court. *State ex rel. Kiekhaefer v. An-*

---

[1] The petitioner does allege nonjurisdictional errors in his petition but we do not consider them because it is obvious he has an adequate remedy by appeal and a trial *de novo* as to those alleged errors.

*derson* (1958), 4 Wis. (2d) 485, 90 N. W. (2d) 790, involved an attempted prohibition of proceedings in a justice of the peace court on the ground that the case had been illegally transferred from another justice court under sec. 960.06, Stats. While the court noted that transfer contrary to the statute would not amount to jurisdictional error, the court posited as another ground for its decision the "well-established principle that prohibition will not lie where there is an adequate remedy by appeal." The court concluded with this significant statement at page 491:

"Does the right of appeal to the circuit court from any adverse judgment Justice of the Peace Neuser may enter against defendant, with a trial there *de novo,* provide the relator Kiekhaefer with an adequate remedy, assuming that the defendant committed error by his attempted transfer of the case? We believe that it does if relator be admitted to bail pending trial of the appeal. [Case cited.]

"It is, therefore, our determination that the writ should not have been issued for the twofold reason that there was no showing of undue hardship, and appeal provided an adequate remedy." [2]

*State ex rel. Kowaleski v. District Court* (1949), 254 Wis. 363, 372, 36 N. W. (2d) 419, sets forth a limitation on the use of the writ of prohibition as follows:

"It is a well-established rule of law on the subject of writs of prohibition that the writ of prohibition is an extraordinary remedy. It is stated in 42 Am. Jur., Prohibition, p. 141, sec. 6:

" 'Prohibition, like all other prerogative writs, is to be used with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be issued only in cases of extreme necessity. The writ will not issue to prohibit

[2] See also *State ex rel. Peterson v. County Court* (1961), 13 Wis. (2d) 37, 108 N. W. (2d) 146.

a court from acting in the proper exercise of its powers and within its jurisdiction. Nor will a court issue prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases. Nor will it ordinarily be issued in a doubtful case. Indeed, it has been held that prohibition will not lie if the inferior court has *prima facie* jurisdiction, that is, if on the face of the papers the cause is within the court's cognizance; but the better rule in such cases has been to grant such writs on showing by evidence, aliunde the record, that the court had no jurisdiction.' See *State ex rel. Joyce v. Farr* (1940), 236 Wis. 323, 327, 295 N. W. 21."

From the record as we have it before us it appears that the petitioner came before the justice court on March 5, 1966, and that the matter had finally been adjourned to October 21, 1966, a period well in excess of the ninety days provided by sec. 301.41, Stats. However, the statute in question does provide that an adjournment can be in excess of ninety days upon consent of the parties.

The only allegations in the petition for the writ of prohibition dealing with the question of jurisdiction are paragraphs 11 and 12. They are as follows:

"(11) That on March 5, 1966, at approximately 8:30 A. M., your petitioner did appear in the West Allis Municipal Justice Court, the Honorable Charles G. Panosian presiding, and did enter a plea of not guilty to the violation of the City of West Allis ordinance of not stopping for an arterial stop sign and requested a three week adjournment for the purpose of conducting adverse examinations. Said three week adjournment was granted.

"(12) That thereafter, the matter was continued from time to time by the said Municipal Justice Charles G. Panosian, contrary to the laws of the State of Wisconsin and more particularly Sections 301.39 and 301.40 of the Wisconsin Statutes, and on September 27, 1966, Municipal Justice Panosian set the matter for trial on Friday, October 21, 1966 at 8:15 A. M., as evidenced by Exhibit B, attached hereto, all in violation of the laws of the State of Wisconsin and more particularly, Sections 301.39 and 301.40 of the Wisconsin Statutes."

At the hearing on the motion to quash, Mr. Beaudry, the petitioner, testified in opposition to the motion and in support of his petition. (No other testimony or proof was offered.) He testified that he had requested only the first adjournment and did not recall whether the plaintiff had requested any additional adjournment but that no oath for adjournment had ever been made by him or the city attorney. Mr. Beaudry was asked whether he had ever consented to an adjournment but an objection to the form of the question was sustained. The ruling of the court was:

"Best way is to have the record. You show when the case was called, what happened to it. Then he can explain whether he consented to it. Doesn't the record show whether it was on stipulation or consent of the parties? What does the record show—does it show continued for cause or what?"

The record of the municipal justice court has not been made a part of the moving papers and was not available at the hearing. Counsel for the petitioner requested an adjournment for the purpose of subpoena for the municipal justice and the record. An argument by counsel, not a part of this record, followed. No ruling on the request appears. The court then announced that the motion to quash was granted for the reason "[y]ou have legal remedies to prevent any wrong that has taken place. One of them is the appeal—complete trial de novo."

In *Petition of Pierce-Arrow Motor Car Co.* (1910), 143 Wis. 282, 285, 127 N. W. 998, this court stated:

"The power of 'a general superintending control over all inferior courts' which the constitution (art. VII, sec. 3) grants to this court was first extensively considered and its limits defined in the case of *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. The subject has been discussed in a number of cases since that time, but no attempt has been made either to vary or enlarge the general principles laid down in the first named

case, but, on the other hand, in all of the subsequent cases those principles have been either literally or in substance approved and applied.

"Those principles in substance are that this jurisdiction is not to be exercised upon light occasion, but only upon some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be *plain;* its refusal to proceed within the line of such duty or, on the other hand, its intent to proceed in violation of such duty must be *clear;* the results must be not only prejudicial but must involve extraordinary hardship; the remedy by appeal or writ of error must be utterly inadequate; and the application for the exercise of the power of superintending control must be speedy and prompt. *State ex rel. Fourth Nat. Bank v. Johnson, supra; State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court,* 133 Wis. 442, 113 N. W. 722; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *State ex rel. Umbreit v. Helms,* 136 Wis. 432, 118 N. W. 158."

We are of the opinion that the record made by the petitioner in this proceeding is insufficient to show that the municipal justice of the peace had lost jurisdiction by virtue of the adjournments. The record of the municipal justice of the peace, including the docket, were not before the trial court, nor did the municipal justice testify. From this record it cannot be said that the justice court's "duty" to refrain from exercising jurisdiction was "plain." Under this state of the record it was not an abuse of discretion by the trial court in granting the motion to quash the petition for a writ of prohibition.

*By the Court.*—Order affirmed.