STATE EX REL. LANG, Appellant, v. MUNICIPAL JUSTICE COURT OF THE CITY OF CUDAHY and others, Respondents.

*No. 51. Argued January 5, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 43.)

22

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent city of Cudahy there was a brief by *Boren, Schmidt & Fleming* and *Morton J. Schmidt*, all of Cudahy, and oral argument by *Morton J. Schmidt*.

WILKIE, J.  We do not reach the question of whether the writ of prohibition was an appropriate remedy in this case because of our disposition of a single issue, dispositive of the case, which is whether the municipal justice court had jurisdiction over appellant's alleged ordinance violation case.

The extraordinary writ of prohibition is traditionally available to restrain inferior courts from exercising power beyond their jurisdiction.  The writ will not be granted in the absence of certain well-settled prerequisites.  As the Wisconsin Supreme Court stated in *Petition of Pierce-Arrow Motor Car Co.:* [1]

[1] (1910), 143 Wis. 282, 127 N. W. 998. Approved in *State ex rel. Beaudry v. Panosian* (1967), 35 Wis. 2d 418, 151 N. W. 2d 48.

"Those principles in substance are that this jurisdiction is not to be exercised upon light occasion, but only upon some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be *plain;* its refusal to proceed within the line of such duty or, on the other hand, its intent to proceed in violation of such duty must be *clear; the results must be not only prejudicial but must involve extraordinary hardship;* the remedy by appeal or writ of error must be *utterly inadequate;* and the application for the exercise of the power of superintending control must be speedy and prompt. . . ." (Emphasis added.) [2]

Before any consideration is given to the presence of these prerequisites for the issuance of the writ, it is first necessary to establish that the inferior tribunal is acting beyond its jurisdiction. In the case of *State ex rel. Beaudry v. Panosian* [3] we noted:

"We are of the opinion that the record made by the petitioner in this proceeding is insufficient to show that the municipal justice of the peace had lost jurisdiction by virtue of the adjournments. The record of the municipal justice of the peace, including the docket, were not before the trial court, nor did the municipal justice testify. From this record it cannot be said that the justice court's 'duty' to refrain from exercising jurisdiction was 'plain.' Under this state of the record it was not an abuse of discretion by the trial court in granting the motion to quash the petition for a writ of prohibition." [4]

Appellant here notes that, unlike the petitioner in *Beaudry,* he has included the justice court docket. However, this docket shows only the adjournment to April 17, 1969, on which date appellant made his demand for jury trial. The waiver of July 7, 1969, is not in writing, and its terms are therefore not a part of the

[2] *Id.* at page 285; *State ex rel. Beaudry v. Panosian, supra,* footnote 1, at page 426.

[3] *Supra,* footnote 1.

[4] *Id.* at page 426.

record. It is clear, however, that the waiver was made, and the circuit court so found. Appellant urges this court to consider this waiver as a second adjournment within the terms of sec. 301.40, Stats., and contends that the municipal justice court lost jurisdiction of the matter by failing to bring the matter to trial within ninety days of this "second adjournment." However, without a record of the terms of the waiver, the "duty" of the municipal justice court to refrain from exercising jurisdiction is not "plain." If the record is insufficient, it is a result of appellant's actions. The circuit court specifically found "that the city has been ready to proceed on this matter at all the times scheduled, . . ." There is nothing in this record to indicate appellant has taken any steps to bring his case to speedy trial.[5]

A municipal justice court, being a legislative creation, possesses only the power conferred upon it by statute. The statutes upon which appellant here relies in contending that the municipal justice court lost jurisdiction are the following:

"301.39 **First adjournment when parties appear.** At the time of the return of the process or of joining issue without process the justice may adjourn the action not exceeding 3 days and shall, upon application of either party, adjourn it for such time as may be requested, not exceeding one week; but if sufficient cause is shown on oath by either party the justice shall grant an adjournment for a longer time, but not exceeding 90 days. No adjournment of an action commenced by summons or warrant of attachment returnable in 3 days, when the defendant appears, shall be granted on motion of the plaintiff unless he shows cause therefor as provided in section 301.40.

"301.40 **Second adjournment.** No adjournment after the first shall be allowed upon the application of a party

---

[5] *See: Williams v. State* (1968), 40 Wis. 2d 154, 161 N. W. 2d 218; *State v. Reynolds* (1965), 28 Wis. 2d 350, 137 N. W. 2d 14. Although a forfeiture action is not a criminal proceeding, the rationale seems analogous.

unless such party shall satisfy the justice by his own oath or the oath of some other person that he cannot safely proceed to trial for want of some material witness or testimony (naming such witness or testimony), that he has used due diligence to obtain the same (setting forth what diligence has been used), and that he believes if an adjournment be allowed he will be able to procure such testimony or witness in time to be used upon the trial.

"301.41 **Adjournment, return for what time; effect of, legal holiday.** Every adjournment for cause shall be for such reasonable time, not exceeding in all 90 days (unless by consent of parties a longer time is agreed upon) from the return day of the process as will enable the party to procure such testimony or witness and shall be at the cost of the moving party, unless otherwise ordered by the justice; and the justice shall tax the fees of all witnesses who are in attendance for the adverse party, except as provided in section 307.02 (2). If any process is returnable on or any adjournment is made to a legal holiday the cause shall stand adjourned until the next secular day, when it shall be proceeded with as if the return or adjournment had been made to that day." [6]

The circuit court held, in effect, that the waiver of the statutory ninety-day requirement ended with the scheduled trial date of October 23, 1969, and that an adjournment on that date could validly extend for another ninety-day period. It concluded that the waiver was not a continuing one, although the waiver was not written, nor were the terms thereof ever made a part of this record.

The statute provides that a "second adjournment" may be granted upon "the application of a party . . . ," for "cause." There is nothing in the record to indicate the "cause" for the "adjournment" of October 23, 1969, although the municipal justice court presumably felt there was sufficient "cause," and, absent a showing

---

[6] These provisions were repealed by ch. 87, sec. 65, Laws of 1969, effective July 15, 1969.

of abuse of discretion, there appears no reason to presume that the municipal justice court lost jurisdiction, even if it adjourned on its own motion. In fact, the presumption would be the opposite:

". . . unless it affirmatively appears to the contrary, the court will presume in favor of the justice's jurisdiction that proper cause was shown or that consent was given. . . ." [7]

The presumption should be even stronger if the court adjourned on its own motion.

We conclude, therefore, that a valid cause for adjournment was presumed by the circuit court and that the decision of the circuit court, holding that the municipal justice court retained jurisdiction, was correct.

*By the Court.*—Order affirmed.

---

[7] *State ex rel. Dearborn v. Merrick* (1898), 101 Wis. 162, 164, 77 N. W. 719. *See also: DeLaval Separator Co. v. Hofberger* (1915), 161 Wis. 344, 348, 154 N. W. 387.