STATE EX REL. PRENTICE, Appellant, v. COUNTY COURT OF MILWAUKEE COUNTY, Respondent.

*No. 159 (1974). Argued September 29, 1975.—Decided*
*October 28, 1975.*
(Also reported in 234 N. W. 2d 283.)

For the appellant there were briefs by *Ray T. McCann,* and oral argument by *John T. McCann,* both of Milwaukee.

For the respondent the cause was argued by *Albert Harriman*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

WILKIE, C. J. In August of 1971 appellant Jeanne Prentice was brought before the Milwaukee county court on a uniform traffic complaint, executed by one of the arresting policemen, alleging she had violated sec. 101–196 of the Milwaukee Code of Ordinances by having "exceeded speed in posted zone." Jeanne Prentice filed a demurrer, a motion to quash, and demanded a jury trial although she filed her demand with payment of fee one day after the twenty-day time limit. The county court denied the demurrer, the motion to quash and set the matter down for a trial without a jury. Thereupon, Jeanne Prentice went to the circuit court for a writ of prohibition. The circuit court, after issuing an alternative writ of prohibition, ultimately quashed the alternative writ and this appeal is from that action. A writ of consultation was issued on May 3, 1974, authorizing the county court to proceed with the trial of the action.

The broad issue before this court is whether the circuit court erred in denying the writ of prohibition.

*Propriety of writ of prohibition.*

Petitioner asserts that the county court was threatening to act outside of or in excess of its jurisdiction because (1) no action could be legally commenced except by an attorney for the city of Milwaukee, (2) petitioner had been deprived of her right to a jury, and (3) the city could not prosecute this action because prosecutions for ordinance violations are really criminal prosecutions. On the basis of these assertions she claims that prohibition is a proper remedy.

However, before prohibition will lie, certain well-settled prerequisites must be satisfied. First of all, it must appear that an appeal is not an adequate remedy.[1] Secondly, it must be shown that extraordinary hardship will result unless a writ of prohibition is available.[2] In regard to both of these prerequisites, the petitioner seeking the intervention of the supervisory court has the burden of alleging sufficient facts to show both the inadequacy of appeal and extraordinary hardship.[3]

In this case petitioner is faced with defending a civil forfeiture action based upon a citation for speeding. Her petition contains no factual allegations regarding why an appeal is inadequate in this situation, or why she will suffer hardship unless a writ of prohibition issues. It contains only the general conclusory statement that "your petitioner has no adequate remedy by appeal or otherwise." It must be conceded that a court appearance for a speeding violation is a regular, routine matter of relatively minor significance, both in terms of possible sanctions and time involved. Absent extraordinary circumstances, which do not appear in the record of this case, it cannot be said that proceeding to trial on this matter would result in grave hardship or that appeal is not an adequate method of correcting whatever errors might be involved. We therefore conclude that the circuit court properly quashed the alternative writ in this case because of failure to meet the necessary preconditions for this extraordinary remedy.

[1] *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 232, 108 N. W. 2d 648; *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. 2d 485, 491, 90 N. W. 2d 790.

[2] *Drugsvold, supra,* footnote 1; *State ex rel. Kiekhaefer, supra,* footnote 1, at page 490.

[3] *State ex rel. Jefferson v. Roraff* (1969), 44 Wis. 2d 250, 258, 170 N. W. 2d 691.

There is an additional reason why prohibition does not lie in this case. In *Petition of Pierce-Arrow Motor Car Co.*[4] this court stated:

". . . [In order for prohibition to lie] the duty of the court below must be *plain;* its refusal to proceed within the line of such duty, or, on the other hand, its intent to proceed in violation of such duty must be *clear* . . . ."

This requirement that the duty of the lower court must be plain and clear has been cited approvingly and followed in recent cases affirming a circuit court's decision not to issue a writ of prohibition.[5] In the case at hand it can hardly be said that the county court had a clear and plain duty to dismiss the case or to grant petitioner a jury trial. On the contrary, in denying this relief the county court was following the clear and plain direction of Wisconsin law. This is merely another way of saying that what petitioner really seeks are some very basic changes in Wisconsin law, which would require the overruling of several cases, and a finding that several statutes are unconstitutional. But the way to seek this end is by the ordinary course of appeal, and not by writ of prohibition, which requires that the deviation by the lower court be from clear and plain principles of law.

### *Jurisdiction of the county court.*

Petitioner argues that the county court had no jurisdiction to proceed in her case because the action was improperly commenced when a Milwaukee police officer, rather than a Milwaukee city attorney, filed with the

---

[4] (1910), 143 Wis. 282, 285, 127 N. W. 998.

[5] *State ex rel. Beaudry v. Panosian* (1967), 35 Wis. 2d 418, 426, 151 N. W. 2d 48; *State ex rel. Jefferson v. Roraff, supra,* footnote 3, at page 257; *State ex rel. Lang v. Municipal Justice Court* (1971), 50 Wis. 2d 21, 24, 183 N. W. 2d 43.

court the uniform traffic citation for speeding. In support of this argument she cites sec. 299.06 (2) (a), Stats., which states:

"An individual may commence an action either in his own proper person and in his own behalf, or by an attorney regularly authorized to practice in the circuit courts of this state, but not otherwise. Actions on behalf of any other party shall be commenced only by attorneys regularly authorized to practice in the circuit courts of this state."

Since the city of Milwaukee is not an individual, petitioner concludes that the action against her had to be commenced by an attorney. She also argues that this requirement is sound as a matter of policy because a police officer is merely a witness to a traffic violation, and a prosecuting attorney should in all cases exercise independent discretion in regard to whether an action should be commenced.

However, sec. 299.01 (2), Stats., provides that ch. 299 applies to civil forfeiture actions "except as a different procedure is prescribed" in chs. 66, 288 and 345. The alleged violation in this case occurred on August 11, 1971, and thus the references of the attorney general to sections of the uniform traffic procedure[6] are not relevant to this case, since this procedure was not effective until October 1, 1972. Nevertheless, certain statutes were in effect in 1971 which overrode the provisions of ch. 299. Sec. 345.11 (5), effective in 1971, provided as follows:

"Notwithstanding any other provision of the statutes, the use of the uniform traffic citation and complaint promulgated under sub. (4) by any peace officer in connection with the enforcement of any state traffic laws or any local traffic ordinances in strict conformity with the state traffic laws, shall be deemed adequate process to give the appropriate court jurisdiction over the subject

---

[6] Secs. 345.21 to 345.53, Stats.

matter of the offense upon the filing with such court of the uniform traffic complaint."

But the phrase "adequate process to give the appropriate court jurisdiction over the *subject matter* of the offense" was erroneous, since subject matter jurisdiction is not conferred by service and filing of process, but by constitution and statute, which grant power to various courts to hear various kinds of actions. The apparent aim of sec. 345.11 (5) was to provide that issuance of a uniform traffic citation to an individual, and filing of that citation with the appropriate court, was sufficient process to invoke the jurisdiction of the court over the *person* of the defendant, as is done in the case of service and filing of a summons. This discrepancy was rectified by Laws of 1973, ch. 218, sec. 18, which amends sec. 345.11 (5) as follows:

"Notwithstanding any other provision of the statutes, the use of the uniform traffic citation and complaint promulgated under sub. (4) by any peace officer in connection with the enforcement of any state traffic laws or any local traffic ordinances in strict conformity with the state traffic laws, shall be deemed adequate process to give the appropriate court jurisdiction over the person upon the filing with such court of the uniform traffic complaint."

We construe the provisions of sec. 345.11 (5), Stats., to mean that a police officer may file a uniform traffic citation and complaint with the appropriate court, and that such filing, after issuance of the citation to the motorist, is sufficient process to confer upon the court personal jurisdiction over the defendant. Even if sec. 345.11 (5) were construed to mean that a prosecuting attorney, and not a police officer, is the proper party to file the citation and complaint, petitioner would still

238

not prevail. In *Drugsvold v. Small Claims Court*,[7] this court held that a small claims suit improperly commenced by a nonattorney was not void, as long as the necessary acts were accomplished in fact. At most the role of the nonattorney constituted unauthorized practice of law. It did not, however, deprive the court of jurisdiction, as long as the complaint was properly made and the summons properly issued. In this case it is undisputed that a uniform traffic citation and complaint were issued and thereafter filed with the appropriate court. These are the steps which the statute requires in order to commence such an action. Thus, even if one assumes *arguendo* that a nonattorney was not the appropriate initiating party, this did not have the effect of depriving the county court of jurisdiction.

There is another reason why petitioner cannot claim a lack of personal jurisdiction in this case. Petitioner was arrested for a traffic violation, and shortly thereafter brought before the county court. While the more usual practice is to release a motorist after a citation for a traffic violation, arrest without a warrant and immediate arraignment were not prohibited under the former statutes.[8] Petitioner apparently concedes that she entered a plea of not guilty during this appearance, although the record on appeal does not indicate anything in this regard. Appearance before a court and entry of a plea are acts by virtue of which that court acquires personal jurisdiction over the defendant.[9]

---

[7] *Supra*, footnote 1, at page 233.

[8] Secs. 345.13, 345.135, 66.12 (1) (a), Stats. 1969. For similar authorization under the uniform traffic procedure, *see* secs. 345.22, 345.23 (3), 345.34 (1), Stats. 1973.

[9] *Armstrong v. State* (1972), 55 Wis. 2d 282, 285, 198 N. W. 2d 357; *State ex rel. Wojtycski v. Hanley* (1945), 248 Wis. 108, 111, 20 N. W. 2d 719.

■■■■■■■■■■■■■■■

## Waiver of jury trial.

Sec. 299.21 (3), Stats., which was applicable in 1971,[10] provides as follows:

"TRIAL BY JURY. (a) Any party may, upon payment of the fees specified in par. (b), file a written demand for trial by jury. If no party demands a trial by jury, the right to trial by jury is waived forever. In eviction actions, such demand shall be filed at or before the time of joinder of issue; in all other actions within 20 days thereafter.

"(b) The fee for a jury is $24, plus an additional amount as suit tax which will result in a suit tax payment of the amount which would have been payable had the action been commenced in circuit court and additional clerk's fees of $6."

Petitioner concedes that she failed to comply with the requirements of this statute, since her demand for jury trial and payment of fees were made twenty-one days after her plea of not guilty, when issue was joined. Nevertheless, she argues that this statute violates art. I, sec. 5 of the Wisconsin Constitution:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. . . ."

This section expressly provides that the right to jury trial in civil cases may be waived in the manner prescribed by law. Sec. 299.21 (3), Stats., is a law which reasonably prescribes that failure of a party to act within twenty days constitutes a waiver of jury trial in cases to which ch. 299 applies. In *State ex rel. Sowle v. Brittich*,[11] similar contentions were made in regard to

---

[10] Sec. 345.43, Stats., now regulates jury trial in traffic violation cases.

[11] (1959), 7 Wis. 2d 353, 96 N. W. 2d 337.

sec. 52.35, which provides that failure to demand a jury trial within twenty days in a paternity proceeding constitutes a waiver. The court held that such a statutory requirement was specifically authorized by the constitution, and that this particular statute was not an unreasonable regulation. The court also concluded that, while a defendant has a right to trial by jury in a civil case, he has no vested right under art. I, sec. 5, to the manner or time in which that right may be exercised or waived, since these are merely procedural matters to be determined by law.

The petitioner also contends that denial of a jury trial solely because she was one day late in her demand deprived her of a basic constitutional right. However, once the defendant fails to meet the reasonable requirements of sec. 299.21 (3), Stats., she loses her right and the matter of a jury trial becomes discretionary with the trial court. Under sec. 269.45 (2), the trial court could have extended the twenty-day period if the failure to act was the result of excusable neglect. There is nothing in this record to show "excusable neglect." In any case, it cannot be said that failure to extend the time period in this traffic ticket case was an abuse of discretion.

Petitioner's final claim with respect to her claim that she was wrongfully denied a jury trial, is that sec. 299.21 (3), Stats., is a violation of her right to equal protection of the laws. She asserts that while she must comply with time and payment limits in order to get a jury trial, one who is brought before a municipal court for the same offense can escape these requirements. This would be done by appealing whatever result obtained in the municipal court to the circuit court for a trial de novo, as provided by sec. 300.10 (5), and receiving a jury trial without a statutory requirement of timely demand or prepayment. Yet this discrepancy was at most a minor and probably unintended statutory flaw, which does not rise to the level of "invidious dis-

crimination, which means a built-in, planned or intended discrimination in fact."[12]

*Nature of actions for violation of municipal ordinances.*

The petitioner's final contention is that actions for violation of municipal ordinances are in reality criminal, and not civil, prosecutions, and thus the municipality, since it was not a sovereign, lacked authority to prosecute her. Petitioner concedes that Wisconsin law is directly contrary to this proposition, but argues that this law is "patently erroneous" and is a "manifest hypocrisy."

Sec. 66.12 (1) (a), Stats., provides in part:

"An action for violation of a city or village ordinance, resolution or bylaw is a civil action. . . ."

Sec. 260.05, Stats., states:

". . . A criminal action is prosecuted by the state against a person charged with a public offense, for the punishment thereof. Every other is a civil action."

Sec. 939.12, Stats., provides in part:

". . . Conduct punishable only by a forfeiture is not a crime."

This court has on numerous occasions considered this same argument, and rejected it.[13]

There are several fundamental reasons for this position. The first is that only the state is the sovereign, and that only an offense against the sovereign is a crime.[14] Another reason is that violations of municipal

[12] *State ex rel. Murphy v. Voss* (1967), 34 Wis. 2d 501, 510, 149 N. W. 2d 595.

[13] *E.g., Bayside v. Bruner* (1967), 33 Wis. 2d 533, 148 N. W. 2d 5; *Milwaukee v. Horvath* (1966), 31 Wis. 2d 490, 143 N. W. 2d 446, certiorari denied, 385 U. S. 970, 87 Sup. Ct. 505, 17 L. Ed. 2d 434; *Neenah v. Alsteen* (1966), 30 Wis. 2d 596, 142 N. W. 2d 232.

[14] *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 28 N. W. 2d 345.

ordinances are minor offenses for which a forfeiture is the only permissible direct punishment. Petitioner contends otherwise, since there is a possibility of a suspension or revocation of her driver's license, or of imprisonment if she does not pay the fine which may be levied.[15] However, suspension or revocation of a driver's license occurs, not as a direct punishment for violation of a municipal traffic ordinance, but only because these ordinances are in strict conformity with state traffic statutes.[16] When this is the case, the state may fairly suspend or revoke the license it has issued, and such suspension or revocation is incidental to the forfeiture penalty imposed for violation of the municipal ordinance. In regard to the remote possibility of imprisonment in a case like this one, such imprisonment can only occur if the fine is not paid. It is not, therefore, part of the direct punishment for violation of the municipal ordinance, but an incidental means of enforcing and making effective payment of the fine.[17]

*By the Court.*—Judgment affirmed.

[15] Secs. 343.30 (1), 66.12 (1) (c), Stats. 1969.
[16] Sec. 349.06, Stats.
[17] *Milwaukee v. Horvath, supra,* footnote 13, at pages 493, 494; *State ex rel. Keefe v. Schmiege, supra,* footnote 14, at page 85.