132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel YOST, Petitioner-Appellant,
v.
Gary R. McCAUGHTRY, Respondent-Appellee.
 No. 96-4051.
 United States Court of Appeals, Seventh Circuit.
 Argued November 13, 1997.
Decided Dec. 1, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin.
 Before ESCHBACH, RIPPLE, and ROVNER, Circuit Judges.
 
 ORDER
 RANDA
 
 1
 On May 2, 1990, Daniel Yost was convicted of one count of first degree intentional homicide and one count of endangering another's safety. Yost was sentenced to life in prison on the homicide count and to a consecutive three year sentence on the count of endangering another's safety. No direct appeal was ever taken from that conviction.
 
 
 2
 On June 8, 1990, shortly after Yost's conviction, an attorney with the Office of the State Public Defender was appointed to represent Yost. Yost informed the attorney that he wished to appeal his conviction to the state appellate court. The attorney advised Yost that there was no merit to an appeal and that he intended to file a no-merit report. The attorney never filed an appeal or a no-merit report. However, the attorney did pursue successful postconviction proceedings in the state trial court in late 1990 and early 1991.
 
 
 3
 In late 1995, Yost apparently made his first inquiry about the no-merit report he alleges the attorney promised to file. On November 10, 1995, Yost received a letter from the clerk of the Wisconsin Court of Appeals which stated that their records show that "no no-merit report was filed in the above-matter."
 
 
 4
 On January 17,1996, Yost filed his state habeas petition with the Wisconsin Court of Appeals alleging that he did not receive the effective assistance of counsel because the attorney had neither filed a no-merit report nor pursued an appeal on Yost's behalf The Wisconsin Court of Appeals denied Yost's petition, determining that there was an "unwarranted delay" in bringing the petition. The Wisconsin Supreme Court denied Yost's petition for review.
 
 
 5
 On September 12, 1996, Yost filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. The district court concluded that Yost was "barred from seeking federal habeas relief because he procedurally defaulted on that claim in state court." Yost appeals that decision, claiming that the state court's determination that there was an unwarranted delay is clearly erroneous and therefore requests that we reverse the order of the district court and remand this case for a hearing into whether or not Yost was denied effective assistance of appellate counsel.
 
 
 6
 As this case presents a mixed question of law and fact, we review it de novo. See Enoch v. Gramley, 70 F.3d 1490, 1496 (7th Cir.1995). However, a federal court reviewing a habeas petition is required to respect a state court's finding, under state law, of procedural default. See Bobo v. Kolb, 969 F.2d 391, 399 (7th Cir.1992).
 
 
 7
 In general federal courts will not review a state courts decision if it rests on a state law ground that is independent of the federal question and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729 (1991); Aliwoli v. Gilmore, No. 96-4048, 1997 WL 640767, at * 2 (7th Cir. Oct. 17, 1997). In the habeas context, federal courts are barred from considering a petition in which the state court declined to address the merits because the petitioner failed to meet a state procedural requirement. See Coleman, 501 U.S. at 729; Aliwoli, 1997 WL 640767, at * 2.
 
 
 8
 In the present case, the Wisconsin Court of Appeals denied Yost's habeas corpus petition brought under State v. Knight, 168 Wis.2d 509, 484 N.W.2d 540 (1992) because of Yost's unwarranted delay in bringing his petition. Under Wisconsin jurisprudence, the petition for a writ "must be speedy and prompt." State ex rel. Beaudry v. Panosian, 35 Wis.2d 418, 426, 151 N.W.2d 48, 51 (1967). The Wisconsin Court of Appeals determined that waiting almost five years to bring a habeas petition constituted unwarranted delay and Yost was therefore procedurally barred from bring his petition.
 
 
 9
 Because Yost has not demonstrated the existence of any reason to excuse his procedural default, we cannot reach the merits of his claim, and the district court's conclusion that Yost procedurally defaulted his claim is
 
 
 10
 AFFIRMED.