STATE of Wisconsin EX REL. LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO & CIC-LABORERS BUILDING & GENERAL CONSTRUCTION LOCAL #237, and The Home Insurance Company, Petitioners,

v.

CIRCUIT COURT FOR KENOSHA COUNTY, The Honorable John E. Malloy, presiding, and Mary Ellen Christensen, Donald Christensen, City of Kenosha, Employers' Mutual Liability Insurance Company of Wisconsin, and Brick & Stone Masons Union Local #20, Lake County, Illinois, Respondents.

Court of Appeals

*No. 83–073–W. Submitted as petition for supervisory writ January 14, 1983.—Decided March 16, 1983.*
(Also reported in 332 N.W.2d 832.)

For the petitioners there was a petition for supervisory writ submitted by *Craig W. Nelson* of *Piette, Knoll & Nelson, S.C.* of Milwaukee.

For the respondents there was a response to the petition for supervisory writ submitted by *James E. Fitzgerald* of *Lucareli, Newman, Ungemach & Fitzgerald* of Kenosha.

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J. Laborers International Union of North America, AFL–CIO & CIC-Laborers Building and General Construction Local #237, and the Home Insurance Company have petitioned for a supervisory writ to prohibit the Honorable John E. Malloy from proceeding as trial judge in an underlying case and to compel Judge Malloy to request the assignment of a new judge pursuant to sec. 801.58, Stats.[1]

---

[1] Section 801.58, Stats., provides:

801.58 Substitution of judge. (1) Any party to a civil action or proceeding may file a written request, signed personally or by his or her attorney, with the clerk of courts for a substitution of a new judge for the judge assigned to the case. The written request shall be filed preceding the hearing of any preliminary contested matters and, if by the plaintiff, not later than 60 days after the summons and complaint are filed or, if by any other party, not later than 60 days after service of a summons and complaint upon that party. If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action. Upon filing the written request, the

The petition, memoranda, and responses before us reveal that the case was originally assigned to Judge Michael S. Fisher. On December 11, 1981, Judge Fisher denied a motion for summary judgment. The next com-

filing party shall forthwith mail a copy thereof to all parties to the action and to the named judge.

(2) When the clerk receives a request for substitution, the clerk shall immediately contact the judge whose substitution has been requested for a determination of whether the request was made timely and in proper form. If the request is found to be timely and in proper form, the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under s. 751.03. If no determination is made within 7 days, the clerk shall refer the matter to the chief judge of the judicial administrative district for determination of whether the request was made timely and in proper form and reassignment as necessary. The newly assigned judge shall proceed under s. 802.10(1).

(3) Except as provided in sub. (7), no party may file more than one such written request in any one action, nor may any single such request name more than one judge. For purposes of this subsection parties united in interest and pleading together shall be considered as a single party, but the consent of all such parties is not needed for the filing by one of such party of a written request.

(4) Upon the filing of an agreement signed by all parties to a civil action or proceeding, by the original judge for which a substitution of a new judge has been made, and by the new judge, the civil action or proceeding and pertinent records shall be transferred back to the original judge.

(5) In addition to other substitution of judge procedures, in probate matters a party may file a written request specifically stating the issue in a probate proceeding for which a request for substitution of a new judge has been made. The judge shall thereupon be substituted in relation to that issue but after resolution of the issue shall continue with the administration of the estate. If a person wishes to file a written request for substitution of a new judge for the entire proceeding, subs. (1) to (4) shall apply.

(6) (a) In probate matters ss. 801.59 to 801.62 apply, except that upon the substitution of any judge, the case shall be referred to the register in probate, who shall request assignment of

munication from the court was a scheduling order alerting petitioners to a conference to be held before a court commissioner on December 7, 1982. At that hearing, the petitioners allege that they learned for the first time that Judge Malloy had been assigned to the case.

In pertinent part, sec. 801.58(1), Stats., provides that: "If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment . . . ." The petitioners made their request to substitute Judge Malloy within ten days of the December 7 conference. The request was denied by a letter of January 4, 1983 which, without elaboration, stated that the request did not comply with the provisions of sec. 801.58.

Because it appeared that the petition for supervisory writ presented a prima facie case for relief, this court ordered responses pursuant to Rule 809.51(2), Stats. Judge Malloy filed no response. Therefore, we have no idea why he felt the request for substitution was improper.

---

another judge under s. 751.03 to attend and hold court in such matter.

(b) Ex parte orders, letters, bonds, petitions and affidavits may be presented to the assigned judge, by mail or in person, for signing or approving, wherever the judge may be holding court, who shall execute or approve the same and forthwith transmit the same to the attorney who presented it, for filing with the circuit court of the county where the records and files of the matter are kept.

(7) If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the filing of the remittitur in the trial court whether or not another request was filed prior to the time the appeal or writ of error was taken.

However, a response filed by one of the parties in the underlying case asserts the request was untimely because the petitioners had constructive notice of Judge Malloy's assignment, which was apparently due to rotation, well before December 7, 1982. We conclude that the ten day period of sec. 801.58(1), Stats., is triggered by actual notice, and, because it is not alleged that the petitioners had actual notice prior to December 7, we grant the petition.

Although sec. 801.58(1), Stats., is silent as to the nature or manner of the required notice, the general rule is that a notice required to be given by statute must be actual notice. 58 Am. Jur. 2d *Notice* § 22 (1971). A requirement of actual notice is consistent with the legislative policy of allowing a substitution and with the court's practice of interpreting the substitution statutes in a reasonable manner so as to advance the right to a substitution. *See State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 235, 298 N.W.2d 552, 559–60 (1980).

Additionally, we recognize that a number of problems would arise if constructive notice were deemed sufficient. For example, it is argued that because the petitioners' counsel frequently practices in Kenosha county, he should have known of the rotation. Should attorneys who frequently practice in a given county be held to a different standard than those who do so only occasionally? How often must an attorney practice in a county before he may be held to constructive knowledge of the judicial administrative practices of that county? From a practical viewpoint, constructive notice is a less workable and more onerous concept than actual notice. In terms of fairness and reasonableness, actual notice is clearly preferable to constructive notice and more consistent with the legislative policy of preemptory substitution.

We do not determine how actual notice must be given. There is no requirement that the clerk of circuit court give notice under sec. 801.58, Stats.[2] We merely hold that the ten day period for substitution under sec. 801.58(1) is triggered by the receipt of actual notice that a new judge has been assigned.

Because the substitution request in this case was timely made within ten days of actual notice of Judge Malloy's assignment and appears to be proper as to form, the trial court was disqualified and had a clear duty to request assignment of a new judge. The criteria for supervisory relief are satisfied. *See Law Enforcement Standards Board v. Lyndon Station,* 101 Wis. 2d 472, 494, 305 N.W.2d 89, 99 (1981); *State ex rel. Prentice v. County Court of Milwaukee County,* 70 Wis. 2d 230, 234, 234 N.W.2d 283, 285 (1975).

*By the Court.*—The petition is granted pursuant to Rule 809.51, Stats. Judge Malloy is prohibited from further action in the underlying case and is directed to request assignment of a new judge.

---

[2] In contrast, note that sec. 801.59, Stats., does require notice by the clerk when a new judge is assigned after a substitution request.