## State vs. Solomon.

*May 5—October 6, 1914.*

*Criminal law: Preliminary examination: Right, when exists: False pretenses: Sufficiency of complaint.*

1. The right to a preliminary examination, being one given by statute, must be governed by the statutory scheme or statutory declarations; and such scheme contemplates that the examining magistrate is some one other than the court trying the offense.

2. For minor offenses no preliminary examination is required, where the examining magistrate has jurisdiction to try the defendant for the offense charged. BARNES, J., dissents.

3. A complaint charging in substance, among other things, that defendant did designedly falsely pretend to one J. that a certain ring was solid gold and of the value of $4.50, that said J., believing and relying on said false pretenses, was induced

thereby to deliver and did deliver to defendant $4.50 of the money and property of said J., and that defendant did then and there obtain the said money of said J. by means of the false pretenses aforesaid, is *held* to charge an offense under sec. 4423, Stats., and not to be defective in that it fails to show that any bargain was consummated between J. and the defendant, or to show why or for what the money was delivered to the defendant.

REPORTED from the municipal court of Milwaukee county: A. C. BACKUS, Judge.

On October 31, 1912, on a warrant issued by the district court of Milwaukee county on a complaint charging him with obtaining in Milwaukee county $4.50 from one Andrew Jurgensen by means of false pretenses, the defendant was arrested and was brought before the district court of said county for trial. Sec. 4423, Stats. 1911, provides a punishment for such offense of "imprisonment in the state prison or county jail not more than one year, or by a fine not exceeding two hundred dollars." Sec. 5 of ch. 218 of the Laws of 1899 provides that the district court of Milwaukee county shall "have exclusive jurisdiction to hear, try and determine all charges for offenses arising within said county of Milwaukee, the punishment whereof does not exceed one year's imprisonment in the state prison or county jail or a fine of five hundred dollars, or both such fine and imprisonment." And, as amended by ch. 63, Laws of 1905, it also provides that "said court shall also have authority and jurisdiction to issue warrants for the apprehension of persons charged with the commission of offenses in said county of Milwaukee and not triable before a justice of the peace of said county; and exclusive jurisdiction to examine said alleged offenders and commit or hold them to bail, the same as a justice of the peace might otherwise do." Before trial in the district court defendant demanded a preliminary hearing, which was denied. He then objected to the jurisdiction of the court to try him on the ground that he had not had a preliminary

examination, and the objection was overruled, whereupon he filed a plea in abatement setting forth that he had not had a preliminary examination; that he was entitled to one, had not waived it, and was not a fugitive from justice. The district attorney demurred to the plea and the demurrer was sustained. Defendant was then tried, found guilty, and sentenced to pay a fine of $25 and costs. He appealed to the municipal court of Milwaukee county. That court sustained the demurrer to the plea in abatement. Defendant demurred to the complaint and the demurrer was overruled, whereupon, with the permission of the court, he entered a plea of *nolo contendere,* and moved in arrest of judgment. Upon the request and motion of the defendant the court, under the provisions of sec. 4721, stayed all further proceedings, and reported the following questions to this court:

1. Is the defendant entitled to a preliminary examination before being placed on trial for the offense, if any, set forth in the complaint?

2. Does the complaint filed in this case state an offense under the laws of the state of Wisconsin?

3. Ought the court to grant a motion in arrest of judgment duly made?

4. Can the court lawfully, upon the complaint and record here certified, proceed to sentence the defendant?

For the plaintiff there was a brief by the *Attorney General, Edward Yockey,* district attorney, and *Henry S. Sloan,* first assistant district attorney, and the cause was argued orally by *Mr. Sloan.*

For the defendant there was a brief by *Michael Levin* and *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *Mr. Edward T. Fairchild* and *Mr. Levin.*

The following opinion was filed May 21, 1914:

VINJE, J.   The determination of what is a correct answer to question 1 is involved in some difficulty and doubt.   The

right to a preliminary examination is one given by statute. The proceeding was unknown to the common law. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 239, 85 N. W. 1046; 1 Bishop, New Crim. Proc. (2d ed.) sec. 239a. The statutory scheme or statutory declarations, therefore, must govern. Under the provisions of secs. 4781 *et seq.* the defendant, before the establishment of the district court of Milwaukee county, would unquestionably have been entitled to a preliminary examination, since the offense was one not triable before a justice of the peace. Ch. 218, Laws of 1899, created the district court, giving it a jurisdiction somewhat more enlarged than that of a justice's court. It has exclusive jurisdiction to try and sentence all offenders against the ordinances of the city of Milwaukee, and to hear, try, and determine all charges for offenses arising within said county of Milwaukee the punishment whereof does not exceed one year's imprisonment in the state prison or county jail or a fine of $500, or both such fine and imprisonment, as well as to hear, try, and determine all charges for misdemeanors arising within said county otherwise triable before a justice of the peace. By ch. 63, Laws of 1905, it was given exclusive jurisdiction to examine offenders charged with the commission of offenses in Milwaukee county not triable before a justice of the peace therein and commit or hold them to bail, the same as a justice of the peace might otherwise do.

We thus see that the district court had exclusive jurisdiction to hold the preliminary examination for the offense charged against the defendant, and also exclusive jurisdiction to try him for the offense. The question arises, Does the statute contemplate that there shall be a preliminary examination by a magistrate or court that also has jurisdiction to try the offense? A literal construction of sec. 4782, Stats. 1911, would lead to an affirmative answer. But when we consider the statutory scheme, which has not provided for a preliminary examination for offenses triable before justices

of the peace because the persons charged therewith could have a speedy and summary trial by a court always ready to hear the case itself, and that the chief object of a preliminary examination is to prevent innocent persons from being incarcerated for a considerable length of time awaiting trial, it is not so apparent that it was the legislative intent to provide for a preliminary examination under the circumstances here presented.   It is hardly probable that it was contemplated that a person charged with an offense exclusively triable by the district court should first be given a preliminary examination by the court, and then if it was found that the offense had been committed and that there was probable cause to believe the prisoner guilty he should be bound over to the same court for trial.   Such procedure does not fit into the statutory scheme at all.   The statute contemplates that the examining magistrate is some one else than the court trying the offense. Sec. 4801 provides that the examination must be returned to the court before which the prisoner is bound to appear, and the same idea of difference in identity between the examining magistrate and court vested with jurisdiction to try the offense permeates the whole scheme of preliminary examinations.   The chief reason for a preliminary examination disappears when the examining magistrate and the court having jurisdiction to try the offense are identical.   The defendant can be given a speedy trial, for the district court is always in session.   Hence no appreciable length of time need elapse awaiting trial.   If upon the hearing the evidence should fail to show the guilt of the defendant, the court would at once discharge him.   So it must be held that when the legislature gave the district court jurisdiction in excess of that of justices of the peace and also exclusive jurisdiction to bind over offenders, it was not contemplated that the court should bind over to itself prisoners charged with offenses that it had exclusive jurisdiction to hear.   Under somewhat similar statutes the supreme court of Michigan held that a justice of the

peace had no jurisdiction to hold a preliminary examination for an offense which was triable before him.  *Byrnes v. People,* 37 Mich. 515.  The first question reported is answered in the negative.

Does the complaint state an offense under sec. 4423, Stats. 1911, which provides that "any person who shall designedly by any false pretenses or by any privy or false token and with intent to defraud, obtain from any other person any money, goods, wares, merchandise, or other property, . . . shall be punished," etc. ?  The complaint, in addition to the requisite formal allegations, charges that the defendant *Albert Solomon*

"did unlawfully and designedly, falsely pretend to one Andrew Jurgensen that a certain ladies' wedding ring was solid gold and of the reasonable value of four dollars and fifty cents, and the said Andrew Jurgensen then and there believing said false pretenses so made as aforesaid by the said *Albert Solomon,* to be true, and relying thereon, being misled therein and deceived thereby, was induced, by reason of the false pretenses so made as aforesaid, to deliver, and did then and there deliver to the said *Albert Solomon* four dollars and fifty cents of the value of four dollars and fifty cents of the money, goods, chattels and property of the said Andrew Jurgensen, and the said *Albert Solomon* did there and then obtain the said money, goods, chattels and property of the said Andrew Jurgensen, by means of false pretenses aforesaid, and with intent to defraud."

It then appropriately charges the falsity of the pretenses used and defendant's knowledge of such falsity.  The defendant claims the complaint is defective because "it fails to show what, if any, deception was practiced—fails to show that such deception was the efficient operative cause of the injury sustained; because it fails to show the connection between the pretenses alleged and the obtaining of the money.  The complaint does not inform us that any bargain of any kind was consummated between the complainant and the defendant,

nor does it show us why or for what the money, if any, was delivered to the defendant." We have set out somewhat in full the material parts of the complaint as the best possible answer to the objection urged against it by the defendant. No comment thereon is deemed necessary. The second question reported is answered in the affirmative.

From what has been said it follows that the third question reported should be answered in the negative and the fourth in the affirmative. They are each so answered.

*By the Court.*—The first question reported is answered in the negative; the second in the affirmative; the third in the negative; and the fourth in the affirmative.

BARNES, J. (*concurring*). I agree in affirmance, but not in the ground of decision. I think the decision amends sec. 4782, Stats. In my opinion the work of amending statutes should be left to the legislature. I reach the same conclusion in a different way. Sec. 3072m, Stats., forbids this court to reverse any judgment for any error in "procedure" unless it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse the judgment. This section was adopted long after sec. 4782. The court which would hold the preliminary examination and the one which conducted the trial is the same. The court must necessarily have held on the motions made on the trial that an offense was committed and that there was probable cause to believe the defendant guilty. The defendant fails to show wherein he was prejudiced by failure to give him a preliminary examination, or how the result would have been different had such an examination been granted. I therefore think the error in procedure should not result in reversal, because its prejudicial character is not apparent.

A motion by the defendant for a rehearing was denied without costs and the following opinion was filed October 6, 1914:

PER CURIAM. Through inadvertence that part of ch. 63 of the Laws of 1905 amending ch. 218, Laws of 1899, so as to give the district court concurrent jurisdiction with the municipal court of "all charges for offenses arising within said county of Milwaukee, the punishment whereof does not exceed one year's imprisonment in the state prison or county jail, or a fine not exceeding five hundred dollars, or by both such fine and imprisonment," was overlooked. The amendment, however, does not affect the decision rendered, which was to the effect that for minor offenses no preliminary examination is required where the examining magistrate has jurisdiction to try the defendant for the offense charged.