VILLAGE OF OREGON, Plaintiff-Respondent,

v.

James F. WALDOFSKY, Defendant-Appellant.†

Court of Appeals

No. 92–0350. Submitted on briefs February 3, 1993.—Decided
May 27, 1993.

(Also reported in 501 N.W.2d 912.)

†Petition to review denied.

413

For the defendant-appellant the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Habermehl* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Charles P. Cell* and *Daniel M. Floeter* of *Cell & Floeter* of Oregon.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   James F. Waldofsky was issued a citation charging him with violating a Village of Oregon drunk driving ordinance. He was tried in municipal court and found not guilty. The village appealed, requesting a trial *de novo* in circuit court and Waldofsky moved to dismiss the appeal, claiming that

sec. 800.14(4), Stats., which allows a party appealing to circuit court from municipal court orders to demand a jury trial, while not affording the same right to the respondent, violates his right to equal protection of the law in violation of the United States and Wisconsin Constitutions. We reject the constitutional challenge and affirm the order.

After being charged, Waldofsky had ten days in which to request a circuit court jury trial under sec. 800.04(1)(d), Stats.[1] He declined to do so, choosing instead to have the case tried before the municipal judge. Under sec. 800.14(4), Stats., which is the subject of Waldofsky's challenge on this appeal, a party to a municipal court drunk driving proceeding has a right to secure a new trial in circuit court by appealing the decision; and the statute gives the appellant the right to demand a jury trial.[2]

As indicated, Waldofsky moved to dismiss the village's appeal on grounds that, by limiting the right to a jury on retrial to the appellant, sec. 800.14(4), Stats., violates the equal protection clause of the fourteenth

---

[1] The statute provides in part:

If a defendant . . . pleads not guilty and within 10 days after entry of the plea requests a jury trial and pays the required fees, the municipal judge shall promptly transmit all papers and fees in the cause to the clerk of the circuit court . . . for a jury trial . . . . The plea of not guilty and request for jury trial may be made by mail.

[2] The statute provides in part:

Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a new trial be held in circuit court. *The new trial shall be conducted by the court without a jury unless the appellant requests a jury trial* . . . . (Emphasis added.)

amendment to the United States Constitution[3] and art. I, sec. 1, of the Wisconsin Constitution.[4] He appeals from the circuit court's denial of the motion, renewing his challenge to the statute's constitutionality. We review such a challenge independently, owing no deference to the trial court's decision. *Phillips v. Wisconsin Personnel Comm'n*, 167 Wis. 2d 205, 224, 482 N.W.2d 121, 128 (Ct. App. 1992).

The Wisconsin Supreme Court has held that the equal protection provisions of the Wisconsin Constitution are substantially equivalent to those of the fourteenth amendment to the United States Constitution. *Treiber v. Knoll*, 135 Wis. 2d 58, 68, 398 N.W.2d 756, 760 (1987). Thus, the same test applies to both the state and federal claims. *Id.*

We begin with the strong presumption that the statute is constitutional, and the long-standing rule that a party challenging a statute has the burden of

---

[3] Equal protection clause of the fourteenth amendment to the United States Constitution states in pertinent part: "nor [shall any State] deny to any person within its jurisdiction the equal protection of the laws."

[4] Article I, sec. 1, of the Wisconsin Constitution provides: "All people are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness; to secure these rights, governments are instituted, deriving their just powers from the consent of the governed."

Although no express guaranty of equal protection of the laws is found in the Wisconsin Constitution, we have held that art. I, sec. 1, implies the same equal protection guarantees as are found in the United States Constitution. *Phillips v. Wisconsin Personnel Comm'n*, 167 Wis. 2d 205, 224, 482 N.W.2d 121, 128 (Ct. App. 1992).

proving unconstitutionality beyond a reasonable doubt. *State v. Smith*, 170 Wis. 2d 701, 707, 490 N.W.2d 40, 43 (Ct. App. 1992), *cert. denied*, 113 S. Ct. 1860 (1993); *Skow v. Goodrich*, 162 Wis. 2d 448, 450, 469 N.W.2d 888, 889 (Ct. App. 1991). Constitutional guarantees of equal protection do not demand that a statute must necessarily apply equally to all persons. The constitution does not require things which are different in fact be treated in law as though they were the same — only that all persons similarly circumstanced or similarly situated be treated alike. *Rinaldi v. Yeager*, 384 U.S. 305, 309 (1966); *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). Thus, states may designate that different treatment be accorded to persons in different categories or classifications, as long as the classification has a reasonable basis and rests upon some ground of difference that bears a fair and substantial relation to the object of the legislation, to the end that all persons who are similarly situated will be treated alike. *Eisenstadt v. Baird*, 405 U.S. 438, 447 (1972).

> [T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *Stanhope v. Brown County*, 90 Wis. 2d 823, 838, 280 N.W.2d 711, 717 (1979) (quoting

*McGowan v. Maryland*, 366 U.S. 420, 425–26 (1961)).

The legislative history of secs. 800.04(1)(d) and 800.14(4), Stats., indicates that they were revised in 1987 in order to encourage municipal ordinance defendants to have their cases heard in municipal court and thus cut down on what were believed to be "excessive requests" for circuit court jury trials in civil forfeiture and ordinance violation cases. 1987 Bill Draft Request Form from Cheryl Wittke to Senator Adelman, Dec. 4, 1986. We believe the statutes reasonably serve that goal and, further, that they do not improperly restrict Waldofsky's right to a jury trial or deny him the equal protection of the law.

Waldofsky disagrees. He asserts that appellants and respondents in appeals from municipal court to circuit court are persons similarly situated and thus constitute a single "class" of persons. And he maintains that, by permitting appellants to request a jury trial on appeal, while denying that right to respondents, sec. 800.14(4), Stats., creates an irrational classification and thus denies the latter group the equal protection of the law. We think Waldofsky posits the wrong class.

Section 800.14(4), Stats., cannot be read in isolation. Under the municipal court procedures dictated by ch. 800, persons charged with violating municipal ordinances prohibiting drunken driving *do* have a right to a jury trial in circuit court. As we have noted, under sec. 800.04(1)(d), Stats., they may, within ten days of their initial appearance on the charge, request a jury trial, in which case the file is immediately transferred to circuit court for trial.

■
Ordinance and forfeiture proceedings are civil actions, *State ex rel. Prentice v. County Court*, 70 Wis. 2d 230, 241–42, 234 N.W.2d 283, 288–89 (1975), and it is well recognized that persons charged with violating municipal ordinances do not have a constitutional right to a jury trial. To the extent, and in the situations in which jury trials are granted to such persons, it is done so by statute. *Village of Menomonee Falls v. Michelson*, 104 Wis. 2d 137, 146, 311 N.W.2d 658, 663 (Ct. App. 1981) (citing *City of Oshkosh v. Lloyd*, 255 Wis. 601, 604–05, 39 N.W.2d. 772, 774 (1949)).

■
All members of the class of persons charged with violating municipal drunk driving ordinances have the statutory right to a circuit court jury trial on the charge. The only restriction is that the right must be requested within a specified time — as is the case with the right to trial by jury in civil cases generally — or be waived.[5] In that case, as occurred here, the trial will proceed in municipal court and the defendant takes the chance that, should he or she prevail and the municipality appeal, the municipality will have the sole right to request or decline a jury on the circuit court retrial.

The other class at issue here is that class of municipal court drunk driving litigants who lose in that forum. Those litigants, whether defendants or the plaintiff-municipalities, may have the case retried in circuit court — to a jury, should they so desire. Thus, it is not the case, as Waldofsky suggests, that some defendants in municipal drunk driving cases have a

---

[5] Article I , sec. 5, of the Wisconsin Constitution provides in part: "The right of trial by jury . . . shall extend to all cases at law . . . *but a jury trial may be waived by the parties in all cases in the manner prescribed by law.*" (Emphasis added.)

right to a jury trial and others do not: all defendants have the option, exercisable within a stated time, to have one or waive it. Nor is it the case that some unsuccessful municipal court drunk driving litigants have the right to a jury on the appeal to circuit court and others do not; all unsuccessful litigants have that right.

The only effect secs. 800.04(1)(d) and 800.14(4), Stats., have on the class of which Waldofsky is a member — drunk driving defendants — is to warn the members of the class that they must exercise their right to a circuit court jury trial at a certain point in the proceedings, and within a specified time, or waive that right. So viewed, the statutes simply set forth the risks and consequences of choosing one procedural route over another, and the situation they create is not one of an unconstitutional denial of equal protection, but one routinely faced by litigants in civil cases.

Parties to civil actions make such choices regularly in order to secure what they consider the best procedural posture in a given case; and often such decisions serve only to narrow or eliminate their available options, such as the choice of defenses or remedies, that are not lost to others similarly situated who may make other, competing tactical decisions. Those are the facts of litigation life and they do not implicate established principles of equal protection.

We agree with Waldofsky that "[w]hen an appeal is afforded [by state law], it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." *Lindsey v. Normet*, 405 U.S. 56, 77 (1972). But we see no such arbitrary or capricious action here.

In *Prentice*, the defendant was charged in the former Milwaukee County Court with violating a local

traffic ordinance. At that time, defendants in county court cases had the same right to a jury trial as civil defendants generally and were required to make a written demand and prepay jury fees within twenty days in order to exercise the right. The defendant filed her demand on the twenty-first day and it was rejected. On appeal, she claimed that the jury-trial-demand statute violated her right to equal protection of the laws because, while she was required to "comply with [the] time and payment [requirements] in order to get a jury trial, one who is brought before a municipal court for the same offense can escape these requirements . . . by appealing [the municipal court verdict] to the circuit court for a trial de novo . . . and receiving a jury trial without a statutory requirement of timely demand or prepayment [of fees]." *State ex rel. Prentice*, 70 Wis. 2d at 240, 234 N.W.2d at 288. The supreme court rejected the argument, stating that the discrepancy between the two classes of litigants "does not rise to the level" of a constitutional violation. *Id.* at 240–41, 234 Wis. 2d at 288. We believe the same is true here.

Waldofsky, for whatever reason, chose not to make a timely request for a jury trial pursuant to sec. 800.04(1)(d), Stats. He therefore waived his right to a jury trial and was tried before the municipal judge. He now seeks a second chance to make the request. He is denied that chance not because sec. 800.14(4), Stats., operates to unconstitutionally discriminate against him as the respondent in an appeal from a municipal drunk driving trial, but because he voluntarily waived a jury trial when the case began.

▪

Waldofsky has not satisfied us that sec. 800.14(4), Stats., is unconstitutional — that he was denied a right granted to other similarly circumstanced municipal

drunk driving defendants — beyond a reasonable doubt. We therefore affirm the order.

*By the Court.*—Order affirmed.