CITY OF KENOSHA, Plaintiff-Appellant,

v.

Ralph C. LEESE, Defendant-Respondent.

Court of Appeals

*No. 98–1769. Submitted on briefs March 26, 1999.—Decided June 16, 1999.*

(Also reported in 598 N.W.2d 278.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Patrick J. Sheehan*, assistant city attorney of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Terry W. Rose* and *Christopher W. Rose* of Kenosha.

Before Brown, Anderson and Mawdsley,[1] JJ.

MAWDSLEY, J. Section 800.14(4), STATS., was amended in 1987 to provide the losing party in a municipal proceeding the right to demand a jury trial on appeal to the circuit court. The statute does not

---

[1] Circuit Judge Robert G. Mawdsley is sitting by special assignment pursuant to the Judicial Exchange Program.

provide a similar right to the respondent. Prior to the grant of this additional right to the appellant, both parties to a municipal proceeding were limited to a bench trial on appeal. The City of Kenosha appeals from a circuit court order finding § 800.14(4) unconstitutional because it violates the equal protection rights of the respondent by reserving to the appellant only the right to demand a jury trial in the event of an appeal. We conclude that there is a rational basis for the legislature's distinction between appellants and respondents in municipal court appeals. Accordingly, we reverse.

## FACTS

On January 23, 1998, Ralph C. Leese was tried in municipal court and found not guilty on a battery charge. That same day, the City filed a notice of appeal and a motion for a nonjury circuit court trial pursuant to § 800.14, STATS. On May 19, 1998, Leese filed a motion requesting the court to declare § 800.14(4) unconstitutional because it denies a respondent the right to a jury trial. The affidavit in support of the motion alleged that Leese had attempted to submit a jury fee to the clerk of the circuit court. The clerk returned the money, informing Leese that there is no right to a jury trial unless the appellant demands one and the appellant had not done so.

The court held a motion hearing on June 10, 1998. After hearing arguments, the court determined that § 800.14(4), STATS., was unconstitutional because there is no rational basis for distinguishing between appellants and respondents when granting the right to request a jury trial. The City appeals.

## DISCUSSION

The circuit court found that § 800.14(4), STATS., is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, § 1 of the Wisconsin Constitution by permitting appellants but not respondents to request a jury trial. We review de novo Leese's challenge to the constitutionality of § 800.14. *See Village of Oregon v. Waldofsky*, 177 Wis. 2d 412, 417, 501 N.W.2d 912, 913 (Ct. App. 1993). In doing so, we bear in mind the strong presumption that a legislative classification is valid and that the party challenging the statute bears the burden of proving unconstitutionality beyond a reasonable doubt. *See id.* at 417–18, 501 N.W.2d at 914; *see also Omernik v. State*, 64 Wis. 2d 6, 18, 218 N.W.2d 734, 741–42 (1974).

Whether equal protection of the law has been denied depends on whether there is any rational basis for the classification. Equal protection is denied if the classification is irrational or arbitrary. *See id.* at 18–19, 218 N.W.2d at 742. Our supreme court has set forth a five-prong test for determining whether the legislative classification is reasonable:

> (1) All classification must be based on substantial distinctions; (2) the classification must be germane to the purpose of the law; (3) the classification must not be based on existing circumstances only; (4) the law must apply equally to each member of the class; and (5) the characteristics of each class should be so far different from those of other classes as to reasonably suggest the propriety of substantially different legislation.

809

*Id.* at 19, 218 N.W.2d at 742. Applying these factors to § 800.14(4), STATS., we conclude that the statute is valid.

*Legislative History of § 800.14,* STATS.

Section 800.14, STATS., governs appeals from municipal court decisions. Subsection (4) provides: "Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a new trial be held in circuit court. *The new trial shall be conducted by the court without a jury unless the appellant requests a jury trial in the notice of appeal* under sub. (1). The required fee for a jury is prescribed in s. 814.61(4)." (Emphasis added.)

The current version of § 800.14(4), STATS., resulted from a 1987 amendment which granted the right to a jury to parties who did not prevail in the municipal court proceeding. Prior to that change, § 800.14 provided only for bench trials.[2] The City contends that the legislative decision to grant jury trials only to appellants demonstrates an intent to limit jury trials resulting from municipal ordinance violations. The issue in this case is whether the distinction between appellants and respondents drawn by the legislature in attempting to do so violates the equal protection clause. We conclude that it does not.

---

[2] Prior to the 1987 amendment, § 800.14(4), STATS., 1985–86, provided, "Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a trial de novo without a jury be held in circuit court."

*Constitutionality of § 800.14, STATS.*

The City contends, and Leese concedes, that there is no constitutional right to a jury in a municipal ordinance prosecution. *See Waldofsky,* 177 Wis. 2d at 420, 501 N.W.2d at 914–15. However, Leese argues that once the legislature granted the right to an appellant but not to a respondent there must be a rational basis for that classification.

Both parties rely on our decision in *Waldofsky* for guidance. The issue presented in *Waldofsky* was the same—whether § 800.14(4), STATS., violated Waldofsky's equal protection rights by affording appellants but not respondents the right to demand a jury trial. However, because Waldofsky was charged under an operating while intoxicated (OWI) ordinance, he was given the opportunity under § 800.04(1)(d), STATS., to request a jury trial and immediately transfer his case to the circuit court for trial. Waldofsky failed to do so. We concluded that § 800.14 did not create an unconstitutional denial of equal protection because all OWI litigants have a right to a jury trial under § 800.04(1)(d).

It was not necessary in *Waldofsky* to address whether § 800.14, STATS., is constitutional when a litigant is *not* presented with a jury trial option under § 800.04(1)(d), STATS. Here, however, that issue is squarely presented. Leese was not charged under an OWI ordinance. Therefore, unlike Waldofsky, he was not afforded the opportunity to a jury trial under § 800.04(1)(d). Nevertheless, we conclude that § 800.14 does not violate Leese's equal protection rights.

In *Waldofsky,* we recognized that:

> Constitutional guarantees of equal protection do not demand that a statute must necessarily apply equally to all persons. The constitution does not require things which are different in fact be treated in law as though they were the same—only that all persons similarly circumstanced or similarly situated be treated alike. Thus, states may designate that different treatment be accorded to persons in different categories or classifications, as long as the classification has a reasonable basis and rests upon some ground of difference that bears a fair and substantial relation to the object of the legislation, to the end that all persons who are similarly situated will be treated alike.

*Waldofsky*, 177 Wis. 2d at 418, 501 N.W.2d at 914 (citations omitted). Here, we conclude that there is a reasonable basis for the legislature to treat appellants differently than respondents in an appeal from a municipal proceeding. In arriving at our decision, we apply the five-factor test set forth in *Omernik* for determining whether there has been a reasonable legislative classification. See *Omernik*, 64 Wis. 2d at 19, 218 N.W.2d at 742.

First, there is clearly a substantial distinction between the loser and the winner of a municipal proceeding. *See id.* Apart from the obvious, the loser of a municipal proceeding possesses the sole right of appeal. Common sense dictates that the party with the right to appeal be afforded the right to choose the method by which the issue will be tried.

Second, the classification is germane to the purpose of the law. *See id.* Section 800.14(4), STATS., is designed to provide parties to a municipal proceeding with the right to a jury trial on appeal. In granting that right, it is also designed to limit the number of litigants who can make such a request by reserving that right to

the appealing party. *See Waldofsky*, 177 Wis. 2d at 419, 501 N.W.2d at 914. We recognize that in so doing, it grants a right to appellants that is not given to respondents. However, in providing the appellant with this additional option on appeal, this statute has neither deprived the respondent of any rights nor rescinded any rights previously granted.

Third, this classification is not based on existing circumstances only. *See Omernik*, 64 Wis. 2d at 19, 218 N.W.2d at 742. The losing party of a municipal trial will change and therefore the party afforded the right to request a jury—the defendant or the municipality—will change. However, the right to a jury trial under § 800.14(4), STATS., is consistently granted to the loser of the municipal proceeding and as such, applies equally to each member of the class. Thus, the fourth *Omernik* factor is satisfied. *See Omernik*, 64 Wis. 2d at 19, 218 N.W.2d at 742.

As to the last *Omernik* factor, we conclude that the characteristics of each class—the appellants and the respondents—are sufficiently different to warrant different statutorily granted rights. As stated above, it is the nonprevailing party who possesses the right to appeal. As such, logic dictates that the party possessing the right to appeal choose the mode of trial.

## CONCLUSION

We conclude that there is a rational basis for § 800.14(4), STATS., to reserve the right to demand a jury trial to the appellant. By doing so, the statute serves the legislative goal of limiting the number of jury trials while recognizing the losing party's interest in choosing the method of trial on appeal. Because we conclude that § 800.14(4) does not deprive Leese of his

constitutional right to equal protection, we reverse the circuit court order.

*By the Court.*—Order reversed.